UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROSA ALICEA,

            Plaintiff,

    v.

WILKES BARRE HOUSING
AUTHORITY, et al.,

            Defendants.

CIVIL ACTION NO. 3:15-CV-01387

(MARIANI, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

On April 8, 2015, *pro se* Plaintiff Rosa Alicea initiated the above-captioned civil rights action asserting a claim under Title VII of the Civil Rights Act of 1964 in the United States District Court for the District of Puerto Rico. (Doc. 2). On July 16, 2015, the case was transferred to the United States District Court for the Middle District of Pennsylvania. (Doc. 22). Currently pending before the Court is the motion for summary judgment of Defendant, Wilkes Barre Housing Authority ("WBHA") (Doc. 54). For the reasons described below, it is recommended that the motion for summary judgment be granted.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background is taken from Defendant's Statements of Undisputed Material Facts (Doc. 55). To the extent Plaintiff denies these facts in her brief in opposition (Doc. 60), and provides a citation to the record that supports that denial, those disputes are noted. In addition, the facts have been taken in the light most favorable to Plaintiff as the non-moving parties, with all reasonable inferences drawn in her favor. However, the Court notes that Plaintiff has failed to comply with the Local Rules in filing a statement of material facts

responding to Defendant's Statement. The Local Rules of this Court state, in pertinent part, as follows:

> LR 56.1 Motions for Summary Judgment.
>
> > A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
> >
> > **The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.**
> >
> > **Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.**
> >
> > All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.
>
> Local Rule 56.1 (emphasis added).

To comply with Local Rule 56.1, a plaintiff should (1) clearly and unequivocally admit or deny whether each fact contained in Defendant's statement of facts is undisputed and/or material, (2) set forth the basis for any denial if any fact is not admitted in its entirety, and (3) provide a citation to the record that supports any such denial. *Occhipinti v. Bauer*, No. 3:13-CV-1875, 2016 WL 5844327, at *3 (M.D. Pa. Sept. 30, 2016); *Park v. Veasie*, 2011 WL 1831708, *4 (M.D. Pa. 2011). As such, where Plaintiff disputes a fact set forth by Defendant, but fails to provide a citation to the record supporting their denial, that fact will be deemed to be admitted. "Unsupported assertions, conclusory allegations, or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F.Supp.2d 490, 493 (E.D.Pa. 2010).

In her complaint, Alicea alleges that she was discriminated against by a WBHA employee while looking to apply for public housing at the Lincoln Plaza Apartments in Wilkes-Barre, Pennsylvania on September 22, 2014. (Doc. 2, at 3). In 2014, Judith Kosloski ("Kosloski") was the Administration Officer for the WBHA. She is currently the Executive Director for the WBHA. (Doc. 55, ¶¶ 2, 3). In 2014, Joann Bachkosky ("Bachkosky") was (and remains today) the Tenant Selection Coordinator for the WBHA. (Doc. 55, ¶ 4). Bachkosky has been employed by the WBHA since August of 1980. (Doc. 55, ¶ 5).

On October 21, 2014, Ms. Bachkosky met with Alicea at an unscheduled meeting. (Doc. 55, ¶ 8) The meeting lasted approximately fifteen minutes. (Doc. 55, ¶ 9). Alicea stated during that meeting that she came to the WBHA about a month previously to pick up a housing application, and that a receptionist made a comment to her asking her something along the lines of "if she was Dominican, because we do not like Dominicans here." (Doc. 55, ¶¶ 10, 11). Bachkosky asked if Alicea could describe the person who made the alleged comment so she could get the issue resolved. (Doc. 55, ¶ 12). Alicea was unable to provide any description of the person and Bachkosky asked Alicea if the person was present, but Alicea said no. (Doc. 55, ¶ 13). WBHA investigated the allegations, but WBHA could not substantiate the same. (Doc. 55, ¶ 14). Bachkosky told Alicea that she would be happy to assist her with anything she needed help with. (Doc. 55, ¶ 15).

Alicea replied that she wanted to fill out her housing application, which she did with Bachkosky. (Doc. 55, ¶ 16). Alicea explained that she was looking for an apartment that could accommodate herself, her husband, and their two adult sons. (Doc. 55, ¶ 17). Alicea was advised that her husband and her adult sons were also required to complete the applications, which states "All Adults MUST be Present when Returning this application" and "Do NOT

Sign or Date Outside Office." (Doc. 55, ¶¶ 18-20). Bachkosky reviewed the application with Alicea and explained that she needed to provide the full names and mailing addresses for the references or the application would be considered incomplete. (Doc. 55, ¶ 21). Alicea told Bachkosky that her husband and sons were currently living in Puerto Rico. (Doc. 55, ¶ 22). Although all applicants and co-applicants are required to sign the forms in person at the WBHA, in hardship cases, notarized applications are accepted. On October 21, 2014, WBHA gave permission to Alicea to submit notarized applications for her husband and two adult sons so that they did not need to be present in the WBHA office in Wilkes-Barre, Pennsylvania. (Doc. 55, ¶¶ 23-25). The WBHA application was signed by Alicea's husband and her two adult sons on October 31, 2014 in Puerto Rico. (Doc. 55, ¶ 26).

In addition to meeting with Bachkosky on October 21, 2014, Alicea also met with Ms. Kosloski on two (2) subsequent occasions in order to discuss her application for housing. (Doc. 55, ¶ 27). The first meeting with Kosloski was on November 12, 2014 and was for the purpose of allowing Alicea to submit an application for housing. (Doc. 55, ¶ 28).

The WBHA application was signed by Alicea in person and submitted on November 12, 2014. Alicea's application on November 12, 2014 was incomplete because it lacked the required information, i.e., complete mailing addresses for her references. (Doc. 55, ¶¶ 29-30). Alicea was advised that her application could not be processed until the missing information was received. (Doc. 55, ¶ 31). On November 14, 2014, Kosloski met again with Alicea to discuss her application, and Alicea stated that the references did not want to provide their full addresses out of concern for strangers having such information. (Doc. 55, ¶¶ 32-33). Alicea was advised that the WBHA could not accept her application if it was not fully completed. (Doc. 55, ¶ 34). Alicea stated that she would withdraw her application. (Doc. 55, ¶ 35). WBHA requires written

withdrawal of applications, and Alicea wrote and signed a letter a withdrawing her application in Kosloski's presence. (Doc. 55, ¶¶ 36-37). Kosloski also wrote a note stating the reasons Alicea gave for withdrawing her application. (Doc. 55, ¶ 38). Kosloski advised Alicea that the WBHA remained willing to process a completed application and told Alicea that, if she ever submitted a completed application, the WBHA would process her application. (Doc. 55, ¶¶39-40). Alicea never submitted a completed application. (Doc. 55, ¶ 41).

On April 8, 20015, Alicea filed the above-captioned Complaint (Doc. 2) against WBHA, among others, in the District Court of Puerto Rico. In her complaint, Alicea alleges that she was discriminated against by a WBHA employee while looking to apply for public housing at the Lincoln Plaza Apartments in Wilkes-Barre, Pennsylvania on September 22, 2014. (Doc. 2, at 3). On March 17, 2016, WBHA served on Alicea via e-mail and U.S. Mail its First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents (collectively, the "Discovery Requests") and indicating that she was required to provide her answers within thirty (30) days under the Federal Rules of Civil Procedure. (Doc. 55, ¶ 6). Alicea never formally responded to the Discovery Requests, except for an email dated March 20, 2016 indicating that she submitted all documentation and would not provide anything further unless directed by the Court. (Doc. 55, ¶ 7). On December 27, 2016, WBHA filed its Motion for Summary Judgment (Doc. 54) and Statement of Undisputed Material Facts (Doc. 55). This matter has been fully briefed and is ripe for disposition.

## II. STANDARDS OF REVIEW

### A. MOTION FOR SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.

Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. See *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); see also *Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

### B. REQUESTS FOR ADMISSION

To the extent Plaintiff has failed to respond to Defendant's requests for admission, those requests will be deemed admitted. As such, to the extent Defendant's statement of undisputed material facts relies upon those admissions, those statements will be accepted as admitted by the Plaintiff. Federal Rule of Civil Procedure 36(a)(3) clearly states that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Further, the Third Circuit has "long recognized that deemed admissions are sufficient to support orders of summary judgment." *Patel v. Patel*, No. CV 14-2949, 2015 WL 6735958, at *2 (E.D. Pa. Nov. 4, 2015); citing *Kelvin Cryosystems, Inc. v. Lightnin*, 252 F. App'x 469, 472 (3d Cir. 2007). "Rule 36 admissions are conclusive for purposes of the litigation" and they are accordingly "sufficient to support summary judgment." *Id.; citing Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992).

**III.   DISCUSSION**

Alicea claims that she was discriminated against by WBHA on the basis of her race or nationality, and her claim rests upon her allegation that an unidentified individual at the WBHA asked if she was Dominican during her application process. This is a claim that WBHA denies.

> Title VI provides that:
>
>> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.
>
> 42 U.S.C. § 2000d.

Alicea's claim of intentional discrimination under Title VI is analyzed using the burden-shifting analysis announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and clarified in *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *Pondexter v. Allegheny Cty. Hous. Auth.*, No. CIV.A. 11-857, 2012 WL 3611225, at *5 (W.D. Pa. Aug. 21, 2012); *see Gazarov v. Diocese of Erie*, 80 F. App'x 202, 204–05 (3d Cir.2003) (concluding that the *McDonnell Douglas* burden shifting analysis applies to Title VI claims). Thereunder, the plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. *Texas Dep't of Cmty. Affairs*, 450 U.S. at 252–53. If the plaintiff succeeds in proving a prima facie case, the burden shifts to the defendant to dispel the presumption of discrimination, and articulate a legitimate, nondiscriminatory reason for the adverse action. *Id.* If the defendant satisfies this burden, the plaintiff must show, by a preponderance of the evidence, that the alleged reasons proffered by the defendant are pretextual and that the defendant intentionally discriminated against the

plaintiff. *Id.* As identified below, Alicea has not established a *prima facie* case of discrimination. She has failed to present any evidence raising a reasonable inference that defendants discriminated against her on the basis of her race or nationality.

To establish a prima facie case of housing discrimination under Title VI, the plaintiff must prove: (1) that he or she is a member of a racial minority, (2) that he or she applied for and was qualified to rent or purchase certain property or housing, (3) that he or she was rejected, and (4) that the housing or rental property remained available thereafter. *Pondexter v. Allegheny Cty. Hous. Auth.*, No. CIV.A. 11-857, 2012 WL 3611225, at *5–6 (W.D. Pa. Aug. 21, 2012); *Lindsay v. Yates*, 498 F.3d 434, 438–39 (6th Cir.2007) (*quoting Mencer v. Princeton Square Apts.*, 228 F.3d 631 (6th Cir.2000)); *see also Chauhan v. M. Alfieri Co., Inc.*, 897 F.2d 123, 126–27 (3d Cir.1990) (finding that the *McDonnell Douglas* standard applies to housing discrimination claims).

In this case, the undisputed record before the Court precludes a finding that Alicea applied for and was qualified for housing, or that she was ever rejected for housing. Specifically, the record demonstrates that Alicea's November 12, 2014 application was incomplete because it lacked the requisite mailing addresses for her references. (Doc. 55, ¶¶ 29-30). Alicea was advised that the WBHA could not accept her application if it was not fully completed. (Doc. 55, ¶ 34). Alicea then withdrew her application in writing. (Doc. 55, ¶¶ 35-38). Alicea was further advised that the WBHA remained willing to process a completed application and told Alicea that, if she ever submitted a completed application, the WBHA would process her application. (Doc. 55, ¶¶39-40). Alicea never submitted a completed application. (Doc. 55, ¶ 41). As such,

the Court finds that Alicea cannot make a prima facie case for housing discrimination under Title VI, and as such, Defendant WBHA is entitled to summary judgment in its favor.[1]

## IV. CONCLUSION

Based on the foregoing, it is recommended that the motion for summary judgment (Doc. 54) of Defendant, Wilkes Barre Housing Authority, be **GRANTED**, and that the Clerk of Court be directed to **CLOSE** this case.

BY THE COURT:

**Dated:** August 15, 2017

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

[1] Defendant also submits that it is entitled to summary judgment in its favor on any claim of Alicea made pursuant to the Fair Housing Act. There is no specific reference to such a claim in Alicea's complaint; nonetheless, the Court finds that Alicea cannot establish a *prima facie* claim under the FHA either, as she did not qualify, and she was not rejected, for housing, as she withdrew her application after being unable to complete it. The FHA provides for a private cause of action which makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The burden shifting analysis described in relation to Alicea's Title VI claim also applies to any potential claim under the FHA. *Pondexter v. Allegheny Cty. Hous. Auth.*, No. CIV.A. 11-857, 2012 WL 3611225, at *6 (W.D. Pa. Aug. 21, 2012); citing *Koorn v. Lacey Twp.*, 78 F. App'x 199, 207 (3d Cir.2003).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROSA ALICEA, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-CV-01387 |
| v. | (MARIANI, J.) |
| WILKES BARRE HOUSING AUTHORITY, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 15, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: August 15, 2017**                              *s/ Karoline Mehalchick*
                                                                    **KAROLINE MEHALCHICK**
                                                                    **United States Magistrate Judge**